IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2009 JUN 19 A 10: 58
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

IN RE NPS PHARMACEUTICALS, INC
SECURITIES LITIGATION,

Case No. 2:06cv00570 ~~PGC~~ DAK

This Document relates to: All Actions

## ~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT

On the 18th day of June, 2009, the Court held a hearing determine: (1) whether the terms and conditions of the Stipulation of Settlement dated February 24, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants in the Complaint in the above-captioned litigation (the "Litigation"), including the release of Defendants, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion there from; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (4) whether and in what amount to award Plaintiff's Lead Counsel fees and reimbursement of expenses.

The Court has considered all matters submitted at the hearing and otherwise; and it appears that a notice of the Settlement Hearing, substantially in the form approved by the Court,

was mailed to all persons or entities reasonably identifiable, who purchased the common stock of NPS Pharmaceuticals, Inc. ("NPS") between August 7, 2001, and May 2, 2006, inclusive (the "Settlement Class Period"), except those persons or entities excluded from the definition of the Settlement Class, as shown by the records of NPS's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the Settlement Hearing, substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court has considered Lead Counsel's request for an award of attorneys' fees and expenses and determined that such request is fair and reasonable.

NOW, THEREFORE, THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND HEREBY ORDERS THAT:

1. For the purposes of this Order, the Court adopts and incorporates by reference all terms defined in the Stipulation attached hereto as Exhibit A.

2. The Court has jurisdiction over the subject matter of the Litigation, the Lead Plaintiff, all Settlement Class Members, and the Defendants.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Plaintiff's Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any

questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased NPS common stock between August 7, 2001, and May 2, 2006, inclusive, and who were damaged thereby. Defendants, the executive officers and directors of NPS during the Settlement Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest are excluded from the Settlement Class. Also excluded from the Settlement Class are the persons and/or entities who validly requested exclusion from the Settlement Class as listed on Exhibit B annexed hereto.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiff PHARMA/wHEALTH Management Company, S.A. ("PHARMA" or "Plaintiff") as Settlement Class Representative and confirms the appointment of Motley Rice as Settlement Class Counsel. The Court also confirms the appointment of Garden City Group Inc. as the Claims Administrator and Escrow Agent.

6.  Notice of the pendency of this Litigation as a class action and of the proposed Stipulation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Stipulation met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under

the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. The Stipulation is not an admission by Defendants of, and this Order and Final Judgment is not a finding of, the validity of any claims in the Litigation or of any wrongdoing by the Defendants. Neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein, nor any action taken to carry out the settlement, is or may be construed as or may be used as an admission by or against any of Defendants or their Related Parties of any fault, wrongdoing or liability whatsoever, and neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein shall be offered or received in evidence in any action or proceeding against any of Defendants or their Related Parties in any court, administrative agency, arbitration or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Order and Final Judgment or the Stipulation. Neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein, nor any action taken to carry out the settlement, is or may be construed as or received in evidence as an admission, concession or presumption against the proposed Settlement Class Representatives or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

8. The settlement is approved as fair, reasonable, and adequate, and the Settlement Class Members and the parties are directed to consummate the settlement in accordance with the terms and provisions of the Stipulation.

9. The Complaint is hereby dismissed with prejudice and without costs as against any party.

10.     The Settlement Class Representatives and members of the Settlement Class on behalf of themselves, their past or present subsidiaries, parents, successors, predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants, legal representative, heirs, executors, trustees, administrators, and assigns shall hereby release and forever discharge each and every on of the Released Claims, and shall hereby forever be enjoined from prosecuting the Released Claims against any of Defendants or their Related Parties.

11.     The Settlement Class Representative and all Settlement Class Members, whether or not they file a Proof of Claim within the time provided for, and whether or not they receive any distributions from the Settlement Fund, are permanently barred, enjoined and restrained from commencing, prosecuting or asserting the Released Claims.

12.     Each of Defendants, on behalf of themselves and their Related Parties, shall hereby release and forever discharge each and every one of the Released Defendants' Claims, and shall hereby forever be enjoined from prosecuting the Released Defendants' Claims against the Settlement Class Representative, all Settlement Class Members and their counsel.

13.     To the maximum extent permitted by law, the Court hereby bars (a) any action or claim for contribution or indemnification in this Litigation against any of Defendants and (b) any action or claim for contribution or indemnification in this Litigation by or on behalf of any of Defendants. Nothing in this paragraph shall abrogate the Individual Defendants' right to indemnification from NPS in connection with any action arising from the facts and circumstances at issue in this Litigation.

14.     Other than those responsibilities designated in the Stipulation to Released Persons and their counsel in conjunction with the administration, execution and completion of

this settlement, the Released Persons and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to, the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation or payment of Settlement Class Members' claims, the payment or withholding of any local, state or federal governmental charge, levy, or tax lawfully imposed thereon, or any losses incurred in connection therewith.

15. The Plan of Allocation is approved as fair and reasonable, and Plaintiff's Lead Counsel and the Claims Administrator are directed to administer the settlement in accordance with the terms and provisions of the Stipulation.

16. Upon review of the record, the Court finds that all parties and their counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to every complaint, responsive pleading, and dispositive motion herein.

17. Plaintiff's Lead Counsel and Liaison Counsel are hereby awarded 25% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $207,228.48 in reimbursement of expenses, which expenses shall be paid to Plaintiff's Lead Counsel and Liaison Counsel from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiff's Lead Counsel Liaison Counsel in a fashion which, in the opinion of Plaintiff's Lead Counsel, fairly compensates the attorneys for its respective contributions in the prosecution of the Litigation.

18. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $15 million (Fifteen Million U.S. Dollars) in cash that is already on deposit, plus interest thereon, and that numerous Settlement

Class Members who submit acceptable Proofs of Claim will benefit from the settlement created by Settlement Class Counsel;

    (b)    63,626 copies of the Notice were disseminated to putative Settlement Class Members indicating that Class Counsel were moving for attorneys' fees in an amount not greater than one-fourth (25%) of the Gross Settlement Fund and for reimbursement of expenses in the approximate amount of $208,000 and only two objections were filed against the terms of the proposed Stipulation or the ceiling on the fees and expenses requested by Settlement Class Counsel contained in the Notice;

    (c)    Settlement Class Counsel have conducted the litigation and achieved the settlement with skill, perseverance and diligent advocacy;

    (d)    The Litigation involves complex factual and legal issues and was actively prosecuted over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    (e)    Had Settlement Class Counsel not achieved the settlement there would remain a significant risk that the Settlement Class Representatives and the Settlement Class may have recovered less or nothing from Defendants;

    (f)    Settlement Class Counsel have devoted 3,513.35 hours, with a lodestar value of $1,632,542.75, to achieve the settlement; and

    (g)    The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

19.    The Court reserves jurisdiction, without affecting the finality of this Judgment, over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the


Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

20. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated:   Salt Lake City, Utah
         June 18, 2009

_____
Honorable Dale A. Kimball
UNITED STATES DISTRICT JUDGE